UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LIZABETH GARCIA,**

  *Plaintiff*,

v.                                       Case No.  SA-21-CV-01006-JKP

**UNITED ASSET MANAGEMENT LLC,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

    Before the Court is Defendant United Asset Management, LLC's (United Asset) Motion to Dismiss for Failure to State a Claim, or Alternatively, Motion to Dismiss and Dissolve the Temporary Injunction as Moot. *ECF No. 2*. Plaintiff Lizbeth Garcia did not respond. Upon consideration, the Court concludes the Motion shall be DENIED subject to re-filing.

**Undisputed Factual Background**

    This action arises from a promissory note and contract between the parties for the purchase of a residential property that is the subject of this action. Garcia is the owner of the property, and United Assets is the holder of the promissory note. In her Original Petition filed in state court, Garcia alleges that "[s]ince the property has been in default," she attempted to receive information from United Asset regarding the amount owed on the loan, and her concern is "substantially less is owed then [sic] the amount the lender seeks to collect." She further alleges, "[t]his property was technically foreclosed on twice. Both of these foreclosures have been charged to Ms. Garcia. Both occurred when the property was protected by a HAMP workout

plan. Ms. Garcia is a Realtor and needs to know what is owed so she can find a price point to sell the house for." Although she attempted to make payments on the loan, Garcia alleges United Assets "insisted on foreclosure."

Garcia brings a cause of action for breach of contract, asserting United Asset failed to provide her "the proper notices to cure." Garcia alleges she "was told in the contract that [United Asset] would follow all Texas laws," and the contract would require United Asset to provide notices to cure. Garcia alleges United Asset did not provide the proper notices to cure, and her obligation to "tender performance is waved [sic] because the notice to cure is remedial in nature. Garcia alleges she was damaged because she "was deprived of the ability to protect her home from foreclosure." Garcia also seeks declaratory relief stating the amount owed on the promissory note.

United Asset files this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In the Motion to Dismiss, United Asset asserts it sent to Garcia a notice of foreclosure sale that stated the sale of the subject property "would take place on October 5, 2021 and begin no earlier than 10:00 am and end no later than 1:00 pm." On October 4, 2021, Garcia filed this action in state court. The following day, United Asset sold the property to a third-party purchaser at 10:41 am. Garcia secured an ex-parte Temporary Restraining Order on the same day at 3:48 pm.

A Preliminary Injunction hearing was set on October 19, 2021. United Asset removed this action to this Court on October 18, 2021. United Asset filed this Motion to Dismiss, to which Garcia, who is represented by counsel, did not respond.

**Legal Standard**

When a party fails to respond to a motion, "the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(e)(2). The Court may apply this terminal Local Rule to dispositive motions. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282-DB, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, at *2.

Under the circumstances of this case, the Court declines to apply Local Rule 7(e)(2), which would allow granting this dispositive motion as unopposed. Instead, the Court will examine the merits of United Asset's Motion to Dismiss.

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986).

Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted. *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *see also McClellon v. Lone Star Gas Co.,* 66 F.3d 98, 103 (5th Cir. 1995); *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n. 6 (5th Cir. 2000). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt v. City of Pasadena,* 561 F.2d at 608–09.

### Discussion

United Asset seeks to dismiss Garcia's case arguing the facts pleaded in the Original Petition are insufficient to establish a plausible cause of action for breach of contract or to support the declaratory relief requested. Specifically, United Asset contends Garcia failed to identify the

specific contractual provision she alleges it breached, fails to allege damages, and fatally admits she was not current on the loan payments.

Review of the Original Petition reveals United Asset's arguments are meritorious. However, the circumstances and evidence attached to United Asset's Motion to Dismiss which is reference in the Original Petition reveal it is possible Garcia could be entitled to relief on a plausible legal theory under this set of facts. Consequently, it appears a more careful or detailed drafting might overcome the deficiencies on which United Asset seeks dismissal. Therefore, the Court will give Garcia an opportunity to amend the Original Petition to file an Amended Complaint compliant with the Federal Rules of pleading. *See Hitt,* 561 F.2d at 608–09.

For this reason, United Asset's Motion to Dismiss is DENIED subject to re-filing. Garcia must file an Amended Complaint on or before December 3, 2021. No extensions of time will be allowed.

It is so ORDERED.
SIGNED this 23rd day of November, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE